**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| WICHITA SHEET METAL SUPPLY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANITA L. GUIDRY, TERRY D. GUIDRY, ) <br> NICOLE L. GUIDRY, LOLETIA ) <br> WILLIAMS, AND NIKITA M. WILLIAMS, ) <br> ) <br> Defendants. ) <br> _____ ) | **CIVIL ACTION** <br><br> No. 97-1457-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on plaintiff's motion for revivor and defendant Anita Guidry's motion to release judgment. (Docs. 253, 254). The motions have been fully briefed and are ripe for decision. (Docs. 255, 256).

Procedural History

This case began in October 1997 when plaintiff filed a complaint against Anita Guidry, Terry Guidry, Nicole Guidry, Loletia Williams and Nikita Williams. (Doc. 1). Plaintiff asserted a RICO claim and various state tort claims against defendants, seeking reimbursement of funds that had been embezzled by Anita Guidry while she was employed by plaintiff and other damages. On April 1, 1999, the court entered judgment against Anita Guidry and in favor of plaintiff for $2,696,000. (Doc. 226). The court specified that it "shall retain jurisdiction of this matter to enter such additional orders as are appropriate and proper." (Doc. 226 at 12). On June 2, 1999, the court entered judgment dismissing both Loletia and Nikkita Williams from the action. (Doc. 232). On March 3, 2000, the court entered

judgment in favor of defendant Terry Guidry and dismissed all of plaintiff's remaining state law claims against Terry and Nicole Guidry. (Doc. 245).

On February 7, 2007, plaintiff filed a motion for revivor of dormant judgment. (Doc. 253). Defendant Anita Guidry responded to that motion and submitted a motion to release judgment. (Docs. 254, 255).

## Analysis

Plaintiff requests that the court revive the judgment entered against Anita Guidry in April 1999. Anita Guidry asserts that the judgment may not be revived since seven years have passed since the entry of judgment. Pursuant to Fed. R. Civ. P. 69, judgments are enforced according to the law of the state where the Federal District Court sits. The court looks to Kansas law for guidance.

K.S.A. § 60-2404 governs revival of a dormant judgment. A dormant judgment may be revived if the holder of the judgment files a motion for revivor within two years after the date on which the judgment became dormant. K.S.A. § 60-2404. A judgment becomes dormant five years from the date of judgment or the date of the last renewal affidavit filing or five years from the last execution proceedings. K.S.A. § 60-2403. When a judgment remains dormant for two years, the judgment is released and may not be revived. K.S.A. § 60-2403. "Kansas law holds that a judgment which lapses pursuant to these statutes is totally extinguished, so that 'there is absolutely nothing left of that judgment to which even equitable principles could be applied.'" Vanover v. Cook, 260 F.3d 1182, *1187 (10th Cir. 2001)(citing Long v. Brooks, 6 Kan. App.2d 963, 636 P.2d 242, 245

-2-

(1981)).

The court must first determine the date of judgment. Under Fed. R. Civ. P. 54(a) a judgment is "a decree and any order from which an appeal lies." On April 1, 1999, the court entered a judgment in favor of plaintiff. The court had not, however, entered judgment concerning the remaining four defendants. When an action has multiple defendants and/or multiple claims, a judgment is not an appealable, final order until all claims have been resolved. Fed. R. Civ. P. 54(b). Should the court desire to certify the judgment as final, it must make an express determination that there is no just reason for delay and direct an entry of judgment. Id. In this case, the court did expressly enter judgment in favor of plaintiff. (Doc. 226 at 11). However, the court did not certify the judgment pursuant to Rule 54(b). Moreover, the court expressly retained jurisdiction to enter any additional orders as necessary. Id. at 12. Accordingly, the judgment was not a final, appealable order until judgment had been entered against all parties on March 17, 2000.[1]

The time period, for purposes of determining dormant judgments, begins to run when plaintiff is able to enforce the judgment. Wichita Fed. Sav. and Loan Ass'n v. N. Rock Rd. Ltd. P'ship, 13 Kan. App.2d 678, 684, 779 P.2d 442, 446 (1989). Defendant asserts that the date plaintiff could enforce the judgment is April 1, 1999. But plaintiff insists that it could not enforce the judgment until March 17, 2000,

---

[1] The Journal Entry of Judgment filed April 1, 1999 was prepared by counsel for the court's signature. If the parties intended the judgment to be final as to Anita Guidry (as Guidry now seems to suggest), it was their obligation to word the judgment in a way to comply with the mandatory language of Rule 54(b).

-3-

the date that judgment was entered against Terry Guidry. Pursuant to Fed. R. Civ. P. 62(a) a party cannot execute a judgment until ten days after its entry. Since the judgment was not a final judgment until March 17, 2000, plaintiff could not execute that judgment until March 27, 2000.

Accordingly, the judgment against Anita Guidry became dormant on March 27, 2005, five years after it was enforceable. Since plaintiff filed a motion to revive that judgment within two years of the date that it became dormant, the court must revive the judgment unless Anita Guidry puts forth evidence of good cause to the contrary. Anita Guidry has not put forth evidence of good cause.

## Conclusion

Therefore, plaintiff's motion to revive this court's April 1, 1999, judgment (Doc. 226) against Anita Guidry is granted. (Doc. 254). Anita Guidry's motion to release judgment (Doc. 255) is denied.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed five pages and shall strictly comply with the

-4-

standards enunciated by this court in <u>Comeau v. Rupp</u>.  The response to any motion for reconsideration shall not exceed five pages.  No reply shall be filed.


    IT IS SO ORDERED.

    Dated this <u>  3rd  </u> day of April 2007, at Wichita, Kansas.


                                          <u>s/ Monti Belot                       </u>
                                          Monti L. Belot
                                          UNITED STATES DISTRICT JUDGE